UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY CHAVEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN BERNARDINO COUNTY,<br>et al.,<br><br>        Defendants. | Case No. EDCV 08-0125-SJO (JTL)<br><br>MEMORANDUM AND ORDER<br>DISMISSING COMPLAINT WITH LEAVE<br>TO AMEND |

      On February 6, 2008, Michael Anthony Chavez ("plaintiff"), proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. Section 1983 ("Complaint").[1]

      In accordance with the terms of the "Prison Litigation Reform Act of 1995 "PLRA"), the Court has screened the Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

---

[1] The Court notes that pages 2 through 6 of the Complaint are a photocopy of pages 2 through 6 of the First Amended Complaint in the action Chavez v. San Bernardino County, EDCV 07-0809-SJO (JTL). Indeed, even the signature page is a copy. On October 3, 2007, the Court dismissed that complaint with leave to amend. Plaintiff never filed an amended complaint and, on February 15, 2008, the Court issued a Report and Recommendation recommending the dismissal of the action for failure to prosecute. Plaintiff's decision not to amend his complaint but to initiate a new action by resubmitting the same complaint that the Court has already found inadequate strongly suggests that plaintiff is unable to cure its deficiencies.

monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

The Court's screening of plaintiff's Complaint under the foregoing statute is governed by the following standards:  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Because plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison at Corcoran, California.  (Complaint at 1).  His claims arise from his confinement at the West Valley Detention Center ("W.V.D.C."), in the custody of the San Bernardino County Sheriff's Department ("Sheriff's Department"), during the pendency of his criminal proceedings.  (Complaint at 2, 5).  Defendants are: (1) San Bernardino County (the "County"); (2) the Sheriff's Department; (3) Sheriff's Department -- Medical Division of W.V.D.C.; and (4) Dr. Tyson, a physician at the Arrowhead Regional Medical Center.  (Id. at

3-4).

Plaintiff alleges that, on February 23, 2006, W.V.D.C. medical staff performed an initial screen of his medical condition. (Id. at 5). Plaintiff advised the medical staff of his medical problems and his prescribed medications. (Id.). Specifically, plaintiff informed W.V.D.C. medical staff that he suffered from diabetes, nerve problems in his back, and high blood pressure, and that he had been prescribed Robaxin and other medications for these conditions. (Id. at 5). According to plaintiff, W.V.D.C. medical staff refused to provide him with these medications, which had been prescribed for him by an outside physician, and for three months refused his requests for pain medication. (Id. at 5a).

In addition, plaintiff alleges that W.V.D.C. staff denied him access to mobility aids such as a walker or a wheel chair, although these had been medically recommended for him. (Complaint at 5a).

After approximately four months, W.V.D.C. medical staff referred plaintiff to the Arrowhead Regional Medical Center, where physicians recommended surgery. (Complaint at 5b). The surgery was performed in January 2007. (Id.). It did not alleviate plaintiff's condition. (Id.). Plaintiff contends that the delay in performing the surgery caused him permanent impairment. (Id. at 5b, 5c).

Plaintiff seeks damages. (Id. at 6).

## DISCUSSION

### I.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY OF THE DEFENDANTS

Plaintiff contends that defendants failed to provide him with adequate medical care during the pendency of his trial. (Complaint at 5). Plaintiff's claims, therefore, arise under the Fourteenth Amendment, although they are governed by Eighth Amendment standards. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The state must provide medical care to prisoners and detainees because their confinement has deprived them of the ability to secure medical care for themselves. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.

1  1999). A prisoner asserting a Section 1983 claim for denial of medical care must allege "acts
2  or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."
3  Estelle, 429 U.S. at 106. A determination of "deliberate indifference" involves an examination
4  of two elements: the seriousness of the prisoner's medical need and the nature of the
5  defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),
6  overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). A
7  serious medical need exists if failure to treat the condition could result in further significant
8  injury or the unnecessary and wanton infliction of pain. Estelle, 429 U.S. at 104; McGuckin 974
9  F.2d at 1059.

10  Deliberate indifference requires that defendants purposefully ignore or fail to respond to
11 the prisoner's pain or medical need. McGuckin, 974 F.2d at 1060. Deliberate indifference "may
12 appear when prison officials deny, delay or intentionally interfere with medical treatment, or it
13 may be shown in the way in which prison physicians provide medical care." Id. at 1059.
14 However, an inadvertent or negligent failure to provide medical care does not constitute
15 deliberate indifference. Estelle, 429 U.S. at 105. "Thus, a complaint that a physician has been
16 negligent in diagnosing or treating a medical condition does not state a valid claim of medical
17 mistreatment under the Eighth Amendment. Medical malpractice does not become a
18 constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105; see
19 also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing
20 or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment
21 rights.")

22  A difference of opinion between an inmate and medical staff, or among the inmate's
23 physicians, as to the nature of appropriate medical treatment is insufficient as a matter of law
24 to constitute deliberate indifference. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90
25 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail
26 on a claim involving choices between alternative courses of treatment, a prisoner must show
27 that the chosen course of treatment was "medically unacceptable under the circumstances,"
28 and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health."

Toguchi, 391 F.3d at 1058 (quoting Jackson, 90 F.3d at 332).

Finally, a delay in medical treatment generally amounts to deliberate indifference only if it leads to further injury. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Applying these principles to plaintiff's allegations, the Court concludes that plaintiff has failed to allege: (1) deliberate indifference on the part of the sole individual defendant, Dr. Tyson; or (2) municipal liability on the part of the County and the Sheriff's Department.

A.  Dr. Tyson

The only individual defendant that plaintiff has sued, Dr. Tyson, is not a W.V.D.C. official. He is a physician at the Arrowhead Regional Medical Center, where plaintiff's surgery was performed. ( Complaint at 5, 5b).

A person is liable under Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do" that causes the complained-of deprivation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). See also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(Section 1983 liability requires personal participation in deprivation).

The Complaint, like its predecessor, fails to allege a basis for liability against Dr. Tyson. Because Dr. Tyson was not a member of the W.V.D.C. medical staff, he cannot have participated in the acts, such as denying plaintiff medication and mobility aids, that plaintiff attributes to W.V.D.C. officials. Plaintiff's conclusory allegations that Dr. Tyson, along with the municipal defendants, delayed providing medical care (Claim Two) and failed to provide adequate medical care (Claim Three) are insufficient to state a claim against Dr. Tyson. (Complaint at 5a, 5b). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff nowhere describes in what manner Dr. Tyson was responsible for the delay in plaintiff's surgery, the role he played in

plaintiff's medical care, or how Dr. Tyson was deliberately indifferent to plaintiff's medical needs such that plaintiff was further injured. Thus, the Court concludes that plaintiff again has not alleged facts sufficient to establish a Section 1983 claim against Dr. Tyson.

Plaintiff's claim against Dr. Tyson, therefore, must be dismissed.

### B.     The County and the Sheriff's Department

Plaintiff names as defendants the County and the Sheriff's Department.[2] (Complaint at 5, 5a, 5b, 5c).

A local governmental entity, such as the County or the Sheriff's Department, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978). Thus, the County and the Sheriff's Department may not be held liable for the acts of their employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff has failed to identify any County or Sheriff's Department policy, ordinance, regulation, custom, or officially adopted or promulgated decision, the execution of which allegedly caused the deficiencies in plaintiff's medical care. Plaintiff seeks to hold the County and the Sheriff's Department liable purely because the individuals responsible for the alleged deficiencies in his medical care were employees of the Sheriff's Department and/or the County. Under Monell, that is not enough. Monell, 436 U.S. at 694. The allegations of the Complaint

---

[2] Although plaintiff treats the Sheriff's Department and the Medical Division of W.V.D.C. as two entities, they are actually a single entity.

are insufficient to state a claim upon which relief can be granted against the County or the Sheriff's Department, and plaintiff's claims against these entities must be dismissed.

* * * * * * * * *

Because plaintiff may be able to cure the deficiencies of the complaint by amendment, the Court will afford plaintiff an opportunity to attempt to do so.  See Noll, 809 F.2d at 1448. The Complaint, therefore, is DISMISSED WITH LEAVE TO AMEND.

If plaintiff desires to pursue this action, plaintiff is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above.

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED: February 26, 2008                                    /s/ Jennifer T. Lum

JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE